IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIYONG MOON and CRAIG STANFORD, individually, and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br>  v.<br><br>FEDEX KINKO'S OFFICE AND PRINT SERVICES, INC., and DOES 1-10,<br><br>          Defendants.<br>_____/ | No. C 06-7657 SI<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT** |

Defendant Kinko's Office and Print Services, Inc. ("Kinko's") has filed a motion for a more definite statement, which is currently scheduled for a hearing at 9:00 a.m. on March 23, 2007. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument and VACATES the hearing. After consideration of the parties' papers, and for the reasons set forth below, the Court hereby DENIES defendant's motion. The Case Management Conference scheduled for 2:00 p.m. remains on calendar.

**LEGAL STANDARD**

Under Rule 12(e) of the Federal Rules of Civil Procedure, "if the pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e).

## DISCUSSION

Plaintiffs filed this action under the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681, *et seq.* Plaintiffs bring this action on behalf of themselves and a putative nationwide class of consumers. First Amended Complaint ¶ 4. Plaintiffs allege that Kinko's has violated Section 1681c(g) of the FACTA by "print[ing] the expiration date and/or print[ing] more than the last five digits of Plaintiffs' credit card or debit card numbers on the receipts provided to Plaintiffs at the point of a sale or transaction between Plaintiffs and FEDEX KINKO'S." *Id.* ¶ 10.

Defendant has moved for a more definite statement based upon the complaint's use of "and/or" in the above-quoted allegation. Defendant contends that plaintiffs fail to specify what type of information was allegedly printed on defendant's receipts, and that the use of "and/or" is too vague and ambiguous to enable defendant to file a response. Defendant's counsel has also submitted a declaration stating that in a meet and confer session with plaintiffs' counsel, plaintiffs' counsel stated that "his clients received receipts from Defendant that did not print out more than the last five digits of credit or debit card numbers," but that plaintiffs would not agree to revise the complaint to eliminate or clarify the "and/or" allegation. Westheimer Decl. ¶ 2.

The Court finds that plaintiffs' allegations sufficiently put defendant on notice of plaintiffs' claims such that defendant can file a responsive pleading. Plaintiffs have alleged that defendant violated the FACTA in one of two specific ways: by printing receipts that contain the expiration date, and/or by printing receipts that contain more than the last five digits of a credit or debit card. The use of "and/or" does not render this allegation vague because plaintiffs identify the conduct at issue. To the extent defendant suggests plaintiffs have not adequately investigated their claims, those arguments are misplaced in a motion for a more definite statement. However, the Court finds that while the complaint meets the federal requirements for notice pleading, plaintiffs should be mindful of their Rule 11 obligations; if plaintiffs do not have a factual basis for certain allegations, plaintiffs should amend the

complaint accordingly.[1]

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES defendant's motion for a more definite statement. (Docket No. 13). The Court GRANTS defendant's request for judicial notice. (Docket No. 21). Defendant is directed to file a responsive pleading within 10 days of the filing date of this order.

**IT IS SO ORDERED.**

Dated: March 20, 2007

SUSAN ILLSTON
United States District Judge

---

[1] Defendant also asserts that plaintiffs' counsel have filed numerous similar cases under the FACTA and used nearly identical "boilerplate" language. Although the Court GRANTS defendant's request for judicial notice of pleadings filed in these other cases, the Court also finds that the existence of these other actions is irrelevant to the question presented by the instant motion.

3