IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIYOUNG MOON and CRAIG STANFORD, individually and on behalf of all others similarly situated,<br><br>             Plaintiffs,<br><br>   v.<br><br>FEDEX KINKO'S OFFICE AND PRINT SERVICES, INC., et al.,<br><br>             Defendants. | No. C 06-7657 SI<br><br>**ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE** |

Defendant's motion to transfer venue is scheduled for a hearing on June 1, 2007. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court DENIES defendant's motion.

**BACKGROUND**

On December 14, 2006, plaintiff Jiyoung Moon filed this action under the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681, *et seq*. Plaintiff Moon is a resident of the County of Los Angeles, which is located in the Central District of California. Complaint ¶ 4. On December 20, 2006, the complaint was amended to add an additional named plaintiff, Craig Stanford. Plaintiff Stanford is a resident of the County of San Francisco.

Plaintiffs bring this action on behalf of themselves and a putative nationwide class of consumers. First Amended Complaint ¶ 4. Plaintiffs allege that FedEx Kinko's has violated Section 1681c(g) of

the FACTA by "print[ing] the expiration date and/or print[ing] more than the last five digits of Plaintiffs' credit card or debit card numbers on the receipts provided to Plaintiffs at the point of a sale or transaction between Plaintiffs and FEDEX KINKO'S." *Id.* ¶ 10.

FedEx Kinko's is headquartered in Dallas, Texas, and has locations in this District, the Central District of California, and elsewhere in the United States and overseas. Defendant seeks judicial notice of two other putative nationwide class actions under FACTA that have been brought against FedEx Kinko's in the Central District of California, *William Harrison v. FedEx Kinko's Office and Print Services, Inc.*, Case No. CV 06-8206 (FMC) (Ssx) ("*Harrison*"), and *Farah Payan v. FedEx Kinko's Office and Print Services, Inc.*, Case No. CV 07-00971 ABC (AJWx) ("*Payan*").[1] The plaintiffs in *Harrison* voluntarily dismissed that case on April 16, 2007. *Payan*, which was filed on February 9, 2007, is still pending in the Central District.[2] As with this case, the *Payan* plaintiffs seek to represent a nationwide class of consumers who allegedly received electronically printed receipts from FedEx Kinko's at the point of sale or transaction that did not comply with FACTA.

**LEGAL STANDARD**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotation omitted). A motion for transfer lies within the broad discretion of the district court, and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

To support a motion for transfer, the moving party must establish: (1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and

---

[1] The Court GRANTS defendant's request for judicial notice. (Docket No. 29).

[2] According to plaintiffs' counsel, *Payan*'s counsel have stated that they do not oppose a transfer of that action to this District. Defendant states that defense counsel and *Payan*'s counsel have had several discussions regarding the possibility of joining this action and *Payan* in the same venue, but that "to date the parties have not been able to get on the same page." Reply at 4.

2

(3) that the transfer will serve the convenience of the parties and witnesses, and will promote the interests of justice. *See Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992), *aff'd*, 907 F.2d 154 (9th Cir. 1990). Transfer is discretionary, but is governed by certain factors specified in § 1404(a) and in relevant case law.

## DISCUSSION

The parties do not dispute that this action could have been brought in either this District or the Central District of California. Once venue is determined to be proper in both districts, courts evaluate the following factors to determine which venue is more convenient to the parties and the witnesses: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum. *See Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001).

While defendant's motion presents a close question, the Court concludes that this action should remain in this District. Although the Court is troubled by the appearance of forum-shopping, one of the current plaintiffs resides in this District, and this action was filed before *Harrison* or *Payan*. Defendant's most persuasive argument in favor of transferring this action to the Central District was the pendency of the *Harrison* and *Payan* actions; with the dismissal of *Harrison*, both districts are now equally feasible for consolidation purposes. In addition, where federal law governs all claims raised, as here, "either forum is equally capable of hearing and deciding those questions." *DealTime.com Ltd. v. McNulty*, 123 F. Supp. 2d 750, 757 (S.D.N.Y. 2000). Defendant does not address the other venue factors (such as convenience of witnesses, ease of access to the evidence, or relative court congestion). Because the venue factors are largely neutral in the transfer analysis, the Court finds that defendant has not met its burden to show that transfer is warranted.

## CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion to transfer venue. (Docket No. 28). The Court SUSTAINS defendant's objection to paragraph six of the Linde Declaration.

**IT IS SO ORDERED.**

Dated: May 25, 2007

SUSAN ILLSTON
United States District Judge